FILED

NOT FOR PUBLICATION

MAY 12 2010

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **HEWLETT-PACKARD COMPANY**, | No. 08-16342 |
| Plaintiff - Appellee, | D.C. No. 5:99-cv-20207-JW |
| v. | |
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| **HEWLETT-PACKARD COMPANY**, | No. 08-16434 |
| Plaintiff - Appellant, | D.C. No. 5:99-cv-20207-JW |
| v. | |
| **ACE PROPERTY & CASUALTY INSURANCE COMPANY**, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 13, 2010
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **NOONAN** and **CALLAHAN**, Circuit Judges.

"[T]he duty to defend, although broad, is not unlimited; it is measured by the nature and kinds of risks covered by the policy." Waller v. Truck Ins. Exch., 900 P.2d 619, 628 (Cal. 1995). The policy here was a "foreign" general liability policy, and coverage was limited to "claim or suit resulting from an occurrence outside the United States of America, its territories or possessions, Canada, Cuba and North Korea." Yet Nu-kote only conducted its business inside the United States, and any injury to Nu-kote resulted from an occurrence in the United States. Because there was no potential for coverage of Nu-kote's counterclaims under the policy, ACE had no duty to defend.

**REVERSED.**

*Hewlett-Packard Co. v. ACE Prop. & Cas. Ins. Co.*, Nos. 08-16342, 08-16454
CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent from my colleagues' conclusion that there was no potential for coverage under the policy. Nu-kote's counterclaims alleged that Hewlett-Packard Company ("HP") engaged in false advertising and anti-competitive conduct throughout the worldwide market for inkjet printer refill products, including all of North America and Europe. Nu-kote further alleged that such unfair competition both within and outside the policy territory negatively impacted its ability to enter and thrive in the "relevant market." Thus, the counterclaims may be reasonably read as alleging an "occurrence" within the policy territory.

Moreover, the policy territory provision does not specifically link coverage to the place where the offense occurred, but rather generally requires ACE to pay "for damages occurring in the course of" and "arising out of" enumerated advertising activities such as unfair competition. This language may be reasonably read as providing coverage for offenses that occur within the policy territory but cause injury elsewhere, just as Nu-kote alleged. Because the policy territory provision is susceptible to an interpretation that creates a potential for coverage, and because ACE has failed conclusively to show otherwise, the policy must be

1

construed in HP's favor. *Pension Trust Fund v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002); *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213, 1218 (Cal. 2003). Accordingly, I would affirm the district court's holding that ACE had a duty to defend. Given my colleagues' contrary conclusion on this dispositive issue, there is no need to address the other issues raised in the appeal and cross-appeal.